**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TINA M. MUSSAW,**

                **Plaintiff,**            7:12-cv-303
                                           (GLS)
        v.

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Conboy, McKay Law Firm<br>Carthage Office<br>307 State Street<br>Carthage, NY 13619 | LAWRENCE D. HASSELER, ESQ. |
| **FOR THE DEFENDANT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | JEREMY A. LINDEN<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Tina M. Mussaw challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Mussaw's arguments, the Commissioner's decision is reversed and remanded.

## II. Background

On April 10 and 15, 2008, Mussaw filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging disability since May 16, 2007.  (*See* Tr.[1] at 50-51, 90-103.)  After her applications were denied, Mussaw requested a hearing before an Administrative Law Judge (ALJ), which was held on January 25, 2010.  (*See id.* at 25-49, 52-57, 60.)  On March 12, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*See id.* at 1-3, 8-19.)

---

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 8.)

Mussaw commenced the present action by filing a Complaint on February 21, 2012, wherein she sought review of the Commissioner's determination.  (*See* Compl. ¶¶ 1-4.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (*See* Dkt. Nos. 7, 8.)  Each party, seeking judgment on the pleadings, filed a brief.  (*See* Dkt. Nos. 10, 16.)

### III. <u>Contentions</u>

Mussaw contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.[2]  (*See generally* Dkt. No. 10.)  Specifically, Mussaw claims the ALJ: (1) improperly assessed the severity of her obesity, broken bone in her right foot, migraines and back pain; (2) afforded improper weight to the opinion of her treating physician; (3) erred in assessing her credibility; and (4) made an unsubstantiated finding at step five.  (*See* Dkt. No. 10 at 12-24.)  The Commissioner counters that the ALJ's decision is legally sound and

---

[2] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

supported by substantial evidence.  (*See generally* Dkt. No. 16.)

## IV.  Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations.  (*See* Dkt. No. 10 at 1-12; Dkt. No. 16 at 1.)

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here.  For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

### A.   Severity Assessment

Mussaw first contends that the ALJ failed to find her "obesity, broken bone in her right foot, migraines, and back pain to be severe impairments." (Dkt. No. 10 at 12-15.)  The Commissioner, and the court, disagree.  (*See*

---

[3] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical.  As such, parallel citations to the Regulations governing SSI are omitted.

Dkt. No. 16 at 4-7.)

For an impairment or combination of impairments to be deemed "severe," it must "significantly limit[]" the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). To meet the duration requirement, an impairment must last, or be expected to last, for a continuous period of at least twelve months. *See id.* § 404.1509. A finding of non-severity results where the claimant suffers "only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on [her] ability to work." *Christiana*, 2008 WL 759076, at *4 (internal quotation marks and citation omitted). The term "basic work activities" refers to "the abilities and aptitudes necessary to do most jobs," including functions such as "[u]nderstanding, carrying out, and remembering simple instructions." 20 C.F.R. § 404.1521(b).

Notwithstanding Mussaw's arguments to the contrary, which rely on her subjective complaints, (*see* Dkt. No. 10 at 13-15), there is no evidence that any of the physical impairments she complains of here "significantly" inhibited her ability to do basic work activities, 20 C.F.R. § 404.1520(c). In fact, as the Commissioner notes, "the medical record contains no clinical or diagnostic evidence of a broken bone in [Mussaw]'s right foot," a chipped

5

bone in either foot, or "findings related to migraines." (Dkt. No. 16 at 5-7.) Because the impairments "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques," 20 C.F.R. § 404.1508, and not merely subjective complaints, *see id.* § 404.1528(a), the ALJ was correct in determining that the broken bone in her right foot, assuming there was one, and her migraines, were not severe impairments. (*See* Tr. at 14.) Likewise, there is no medical evidence that demonstrates Mussaw's obesity caused any more than minimal limitations in her ability to do basic work activities. (*See id.*) And, in regard to her lower back pain, a single report of tenderness on April 25, 2007 by Dr. Theresa Lang, (*see id.* at 332), is insufficient to establish a medically determinable impairment that persists "for a continuous period of not less than [twelve] months," 20 C.F.R. §§ 404.1505, 404.1509—especially since Dr. Michael Clarke found no tenderness in his exam six months later, (*see* Tr. at 182). Accordingly, the court discerns no errors in the ALJ's severity assessment.

**B.    Treating Source Rule**

Next, Mussaw argues that the ALJ erred in his application of the treating source rule, and, as a result, improperly discounted the weight

6

assigned to the opinion of her treating psychiatrist, Dr. Elizabeth Pierson. (*See* Dkt. No. 10 at 15-20.) The Commissioner counters that any error by the ALJ was harmless, and that his decision to discount Dr. Pierson's opinion is supported by substantial evidence. (*See* Dkt. No. 16 at 8-17.) The court agrees with Mussaw that the ALJ's erroneous analysis of Dr. Pierson's opinion necessitates remand.

Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ must provide "'good reasons' for the weight given to the treating source's opinion." *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (internal quotation marks and citations omitted). "Nevertheless, where the evidence

7

of record permits [the court] to glean the rationale of an ALJ's decision," it is not necessary that the ALJ "have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Id.* (internal quotation marks and citation omitted).

In assessing the opinion evidence of record, the ALJ assigned "little weight" to a January 12, 2010 medical source statement in which Dr. Pierson opined that, while Mussaw suffered only "slight" limitations in her ability to understand, remember and carry out "short, simple instructions," she had "moderate" limitations in her "ability to make judgments on simple work-related decisions," as well as her ability to interact appropriately with the public, supervisors, or co-workers.  (Tr. at 17-18, 405-06.)  Dr. Pierson found further that Mussaw suffered "marked" limitations in her ability to "[u]nderstand and remember detailed instructions," and "[c]arry out detailed instructions."  (*Id.* at 405.)  In support of his decision to assign little weight to this assessment, the ALJ noted a lack of supporting record evidence, contradictory daily activities, and the fact that "[t]he record contains no evaluation or treatment notes by Dr. Parson."  (*Id.* at 18.)

Mussaw contends that the misspelling of Dr. Pierson's name,

8

combined with the fact that the record did contain evaluation and treatment notes by her, (*see* Tr. 404, 410, 415-16), indicates that the ALJ was unaware that Mussaw's treating psychiatrist was the true source of the January 12, 2010 medical source statement, and that he therefore did not weigh the opinion under the proper treating source framework.  (*See* Dkt. No. 10 at 15-20.)  Although the court cannot definitively discern whether the ALJ understood that the medical source statement was authored by Dr. Pierson, and simply misspelled her name, or believed it to be the work of another doctor entirely, his analysis of the statement was flawed under either scenario.  First, if the ALJ mistakenly assessed the medical source statement as the work product of a psychiatrist with no treatment history of Mussaw, he undoubtedly failed to properly apply the treating source rule.  If the ALJ simply misspelled Dr. Pierson's name, on the other hand, his lack of awareness that the record contained evaluation and treatment notes by her nevertheless indicates that he did not properly consider the length, nature and extent of the treatment relationship, or the frequency of examination, as required by 20 C.F.R. § 404.1527.

    The Commissioner contends that the ALJ's error was harmless because, given the limited nature of the treatment relationship, "Dr.

9

Pierson's opinion would not be entitled to controlling weight as a treating source opinion, and the ALJ nonetheless properly evaluated her opinion under the remaining factors of 20 C.F.R. §[] 404.1527." (Dkt. No. 16 at 8-9.) The Commissioner's contention that "the evidence of record may not establish Dr. Pierson as a treating source" is belied by the fact that, in addition to completing the January 12, 2010 medical source statement, she examined Mussaw on December 21, 2009 and February 19, 2010, prescribed her medication without direct examination on January 21, 2010, and was consulted regarding Mussaw by social worker Sara Hutcheson. (*Id.* at 9; *see* Tr. at 404, 405, 410, 411, 415-16).[4]  In any event, as noted above, the Commissioner's argument that "the ALJ nonetheless properly evaluated her opinion under the remaining factors of 20 C.F.R. §[] 404.1527," (Dkt. No. 16 at 8), is simply untrue in light of his erroneous belief that the record was devoid of evaluation or treatment notes, (*see* Tr.

---

[4] An acceptable medical source is considered a "treating source" where "the medical evidence establishes that [the claimant] see[s], or ha[s] seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [his or her] medical condition(s)." 20 C.F.R. § 404.1502.  The Commissioner "may consider an acceptable medical source who has treated or evaluated [the claimant] only a few times or only after long intervals (e.g., twice a year) to be [a] treating source if the nature and frequency of the treatment or evaluation is typical for [the claimant's] condition(s)." *Id.*

at 18).

Finally, the Commissioner argues that any error by the ALJ was harmless because Dr. Pierson's medical source statement was not supported by clinical or diagnostic findings and was inconsistent with the substantial evidence of record.  (*See* Dkt. No. 16 at 9-17.)  "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles," however, "application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  Because there is, at minimum, a reasonable basis to doubt that the ALJ applied the proper legal standard in assessing Dr. Pierson's medical source statement,[5] denial of disability cannot be premised on satisfaction of the substantial evidence standard.  While the need for agency reconsideration gives way "where application of the correct legal principles to the record could lead to only one conclusion," *Id.*

---

[5] Additionally, as Mussaw mentions briefly in her papers, the opinion expressed by Dr. Pierson in the medical source statement is the only medical opinion to which the ALJ expressly assigned weight.  (*See* Dkt. No. 10 at 16, 18-19.)

11

at 986, the record here compels no such singular outcome. As such, remand is required.

## C. Remaining Contentions

Because Mussaw's remaining contentions may be impacted by the subsequent proceedings directed by this Order, (*see* Dkt. No. 10 at 20-25), it would be improper for the court to consider them at this juncture.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 28, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court